**MYERS & PATTY CO v
MYERS et, Exrs, etc**

Ohio Appeals, 2nd Dist, Miami Co

No 302. Decided April 27, 1933

Baird Broomhall, Troy, and L. E. Harvey, Bradford, for plaintiff in error.

Kerr, Kerr & Kerr, Tippecanoe, for defendant in error.

HORNBECK, PJ.

This is an error proceeding from a judgment of the Common Pleas Court in behalf of defendants in error. The original action was instituted by the plaintiff in error, plaintiff below, against defendants in error, defendants below. We refer to the parties as they appeared in the trial court. The action was brought by the plaintiff as a corporation, the petition verified by G. W. Whitmer, its president. It is agreed that prior to the determination of the cause in the Court of Common Pleas Mr. Whitmer died. When the suit was instituted there were four living directors in the corporation. Besides Mr. Whitmer, there was the vice president, C. M. Patty; secretary and treasurer, George Myers, and Charles Myers. George Myers, prior to the institution of the action in this court, had moved to the State of Indiana. Charles M. Myers had been adjudged an incompetent, and is confined in a State Hospital. It will be observed that the action was directed.

against Charles M. Myers and George Myers, and at the time the petition in error was filed in this court there was no living director or officer of the company to support the proceedings against the defendants unless it be Baird Broomhall, whom it appears is acting by designation of the interested representatives of estates of deceased persons. The petition does not disclose that the action was instituted upon resolution authorizing such action by the Board of Directors of the corporation. A motion was filed in the trial court to dismiss the petition, which was overruled. A motion is filed in this court to dismiss the petition in error because there is no representative authorized to proceed on behalf of the corporation.

After the original petition had been tested by motion and demurrer, an amended petition was filed to which the defendants answered. By the second defense of the answer it is averred that the cause of action is barred by the statute of limitations, §11224 GC. The third defense was that the money sued for was a loan from the plaintiff company to another company, The Hawn-Myers Motor Company. There was a fourth defense.

To the second, third and fourth defenses plaintiff demurred. The demurrer to the second defense was sustained on the ground that the statute of limitations, §11224 GC applied and that inasmuch as more than four years had elapsed since the accrual of the cause of action of plaintiff in error, it was barred. A reply was filed, but on the state of the record it does not materially change the questions presented to this court for determination.

We are required to pass upon the motion of defendants in error to dismiss the petition in error because there is no proper party plaintiff.

It will be observed from the statement of facts that there is no living director of the plaintiff corporation but the defendants. This is an action by the corporation as such. It is not a stock holders suit for the corporation.

It is fundamental that there must be a proper party defendant against whom any judgment rendered may operate and that there must be a proper party plaintiff to institute, carry forward and prosecute an action to judgment.

Though it has been held that a proceeding in error is not properly an action within the meaning of the Code and there is no express provision for reviving or continuing such proceedings in favor of or

against the successor in interest of a party, or the representative of a deceased party, the provisions of the Code in regard to revivals in original actions have been held applicable to such proceedings. 2 **O. Jur.,** 202; **Black v Hill,** 29 **Oh St,** 86; **Pavey v Pavey,** 30 **Oh St,** 600; **Foresman v Haag,** 37 **Oh St,** 143. In the instant case the parties plaintiff were dead before the institution of the proceedings in error. But, if they had died after the petition in error had been filed we know of no provision whereby revivor could be accomplished for a corporation. We do not believe that the right of action of the corporation vests in a personal representative nor in the heirs of a director of a corporation. If there is no directorate to act for the corporation it can not function. The two living directors being individual defendants could not represent the corporation in a proceeding in which the corporation is adversary to themselves, and of course, as directors they would not support such an action.

It also appears that the charter of the plaintiff corporation has been suspended. This, in our judgment, would not affect the right to proceed to judgment in the case, as §8623-94 **GC,** provides that even after a corporation has been dissolved no action in which it is a party shall abate or be discontinued by such dissolution. Upon the state of the record we see no escape from the necessity of sustaining the motion to dismiss the proceedings in error.

As the action on the motion to dismiss the petition in error takes the case from this court, we will not discuss the further questions presented.

KUNKLE and BARNES, JJ, concur.